UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Katie Allison Reyes (02),

    Defendant.

**ORDER**
Crim. No. 17-40 (MJD/FLN)

_____

    Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

    Daniel L. Gerdts, Counsel for Defendant.
_____

    The above-entitled matter comes before the Court on Defendant's objections to the Report and Recommendation of Magistrate Judge Franklin L. Noel dated July 31, 2017.

    Defendant objects to the recommendation that this Court deny her motion to suppress all evidence obtained from unlawful search and seizures based on the argument that the prolonged detention of Defendant and her family following a pretextual traffic stop violated the Fourth Amendment and that there was no probable cause to search her car.

1

Defendant also objects to the recommendation that the Court deny her motion for a hearing pursuant to Franks v. Delaware based on the argument that the affidavit submitted in support of the search warrant contained material omissions and false statements because it did not inform that the drug dogs failed to "indicate" for the presence of contraband.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review and the submissions of the parties regarding Defendant's objections, the Court adopts the Report and Recommendation and will deny Defendant's motions to suppress evidence and for a hearing pursuant to Franks v. Delaware.

The government also filed an objection to that portion of the Report and Recommendation that this Court grant Defendant's motion to suppress two recorded telephone calls between a confidential informant and Defendant because the government did not carry its burden of showing that the intercepted calls were consented to by the confidential informant. The government requests that instead of granting the motion to suppress, the Court reserve the motion for trial. If the government chooses to introduce these calls, the government would then put forth the proper foundation for the admission of such calls. Defendant

does not object to re-opening the hearing to allow the government to introduce additional evidence. Accordingly, the Court will not adopt that portion of the Report and Recommendation as to the motion to suppress electronic surveillance.

IT IS HEREBY ORDERED:

1. Defendant's Motion to Suppress Evidence of Searches and Seizures [Doc. No. 58] is DENIED;

2. Defendant's Motion to Suppress Statements [Doc. No. 56] is DENIED;

3. Defendant's Motion to Suppress Identification [Doc. No. 57] is DENIED as moot;

4. Defendant's Motion to Suppress Electronic Surveillance [Doc. No. 59] is RESERVED; and

5. Defendant's Motion for a Franks hearing [Doc. No. 61] is DENIED.

Date: September 12, 2017

s/Michael J. Davis
Michael J. Davis
United States District Court